UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  18 C 4155 |
| v. | ) | |
| | ) | Judge |
| KINGDOM FARMS WHOLESALE | ) | |
| MEATS, INC., and KIERAN MORAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, the United States of America, by its undersigned attorneys, for its complaint against the Defendants, alleges as follows:

### Introduction

1.      This is a civil action brought by the United States of America Junction against the Defendants under the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451 *et seq.*, and the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. §§ 601 *et seq.*, for permanent injunctive relief.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 21 U.S.C. §§ 467c and 674 and 28 U.S.C. §§ 1331, 1337, and 1345.

3.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

### Parties

4.      Plaintiff is the United States of America.

5.      Defendant Kingdom Farms Wholesale Meats, Inc. ("Kingdom Farms") is a meat and poultry distributor that is located at 2300 W. Lake Street, Chicago, IL  60612.  Defendant Kieran Moran is the President and Owner of Kingdom Farms.

## Statutory Framework

6.      The PPIA prohibits the selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, of any poultry products capable of use as human food that are adulterated, misbranded, or have not been inspected and passed by the United States Department of Agriculture ("USDA") when required. 21 U.S.C. § 458(a)(2).

7.      The FMIA prohibits the preparing, selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, of any meat or meat food products capable of use as human food that are adulterated, misbranded, or have not been inspected and passed by the USDA when required. 21 U.S.C. § 610(c).  In addition, a person or business may not do, with respect to any meat or meat food product article, any act while that article is being transported in commerce or held after transportation, which will cause it to be adulterated or misbranded. 21 U.S.C. § 610(d).

8.      Poultry products are misbranded under the PPIA, and meat products are misbranded under the FMIA, if their labeling is "false or misleading in any particular." 21 U.S.C. §§ 453(h), 601(n).

9.      Poultry products are misbranded under the PPIA, and meat products are misbranded under the FMIA, unless they bear a label providing "(A) the name and place of business of the manufacturer, packer, or distributor; and (B) an accurate statement of the quantity of the product in terms of weight, measure, or numerical count."  21 USC. §§ 453(h)(5); 601(n)(5).

**Procedural History**

10.     On or about December 11, 2012 and other dates, Defendants violated the FMIA, 21 U.S.C. § 610(d), by causing meat products to become misbranded by: (a) removing unlabeled packages of meat products from their properly labeled shipping containers and applying labels bearing federal marks of inspection without authorization; (b) reusing shipping containers bearing federal marks of inspection without authorization; and (c) removing meat products from properly labeled shipping containers and repackaging them in a container void of federal marks of inspection and required labeling.  Defendants subsequently offered for sale and transportation, and sold the misbranded meat products, in violation of 21 U.S.C. § 610(c).  FSIS issued a Notice Of Warning regarding these violations to Kingdom Farms on or about March 25, 2013.

11.     On or about August 1, 2013, Defendants violated the FMIA, 21 U.S.C. § 610(c), and the PPIA, 21 U.S.C. § 458(a)(2), by: (a) receiving for transportation sample plates containing beef and poultry products that were adulterated and misbranded; and (b) offering for sale approximately 115 pounds of meat products that were adulterated, misbranded and non-federally inspected.   Defendants also violated the PPIA, 21 U.S.C. § 458(a)(3), by removing unlabeled poultry product from its fully labeled shipping container, causing it to become misbranded.   FSIS issued a Notice of Warning regarding these violations to Kingdom Farms on or about October 17, 2013.

12.     On or about April 29, 2014, Defendants violated the FMIA, 21 U.S.C. § 610(c), by receiving for transportation and transporting approximately 75 pounds of bacon that were misbranded because they did not bear required federal marks of inspection.  FSIS issued a Notice of Warning regarding this violation to Kingdom Farms on or about May 22, 2014.

13.     On or about January 9, 2015, Defendants violated the PPIA, 21 U.S.C. § 458(a)(3), by causing unlabeled poultry products to become misbranded by removing them from their fully labeled shipping container.   Defendants also violated 21 U.S.C. § 458(a)(2) by offering the misbranded poultry products for sale.  FSIS issued a Notice of Warning regarding these violations to Kingdom Farms on or about May 11, 2016.

## Cause of Action I

14.     On various dates in March 2016, Miller Amish Country Poultry of Orland, Indiana ("Miller) sold and transported poultry products, including boneless skinless chicken breasts, to Kingdom Farms.

15.     Between March 2016 and June 2016, Kingdom Farms transported at least 64 pounds of boneless skinless chicken breasts received from Miller to Consumers Packing Co. of Melrose Park, Illinois ("Consumers").  Mr. Moran directed Consumers to package the chicken breasts into individual cryovac packages, each containing two chicken breasts.

16.     Between March 2016 and June 2016, Kingdom Farms received from Consumers three cases containing approximately 64 pounds of boneless skinless chicken breasts that were packaged by Consumers in accordance with Mr. Moran's instructions.   Approximately 24 pounds of those chicken breasts were contained in a Miller case that had been reused without authorization by Consumers.   The remaining 40 pounds of chicken breasts were contained in two boxes, weighing approximately 20 pounds each, which were printed on the outside with the Consumers name and federal inspection mark, but bore no outside labeling describing their weight, contents, or location of processing.

17.     On or about June 13, 2016, the three cases of chicken breasts described in paragraph 16 were located in Kingdom Farms for sale inventory.

18.     All three cases of chicken breasts described in paragraph 16 failed to bear labels reflecting the name and location of Consumers, and an accurate statement of the weight of their contents.  Thus, all three cases of chicken breasts described in paragraph 16 were misbranded pursuant to 21 U.S.C. § 453(h)(5).

19.     The label on the reused Miller case was false and misleading; because the label conveyed that the contents were last processed at Miller, when in fact they were further processed at Consumers.  Thus, the reused Miller case was misbranded pursuant to 21 U.S.C. § 453(h)(1).

20.     Defendants violated the PPIA, 21 U.S.C. §  458(a)(2)(A), by offering for sale or transportation, and/or receiving for transportation, in commerce, three cases containing approximately 64 pounds of poultry products that were misbranded pursuant to 21 U.S.C. § 453(h)(1) and (5).

### Cause of Action II

21.     On or about June 2, 2016 and June 8, 2016, Kingdom Farms transported beef skirt source product to Consumers, directing Consumers to cut and package the source product into various sized steaks and end pieces, and to transport the packaged steaks and end pieces back to Kingdom Farms.

22.     Consumers thereafter transported four cases containing individually packaged skirt steak pieces to Kingdom Farms, totaling approximately 85 pounds.  Three of those cases totaling approximately 60 pounds were observed in Kingdom Farms' for sale inventory on or about June 13, 2016, and the fourth case weighing approximately 25 pounds was observed in Kingdom Farms' for sale inventory on or about August 16, 2016.

23.     All four cases of skirt steak pieces described in paragraph 22 failed to bear labels reflecting the name and location of Consumers, and an accurate statement of the weight of their

contents.  Thus, all four cases of skirt steak pieces described in paragraph 22 were misbranded pursuant to 21 U.S.C. § 601(n)(5).

24.     Defendants violated the FMIA, 21 U.S.C. §  610(c)(1), by offering for sale or transportation, and/or receiving for transportation, in commerce, four cases containing approximately 85 pounds of meat food products consisting of skirt steak pieces, which were misbranded pursuant to 21 U.S.C. § 601(n)(5).

25.     On or about June 8, 2016, Kingdom Farms received two cases of beef tenderloin medallions, each case weighing approximately 16 pounds, from James Calvetti Meats, Inc.  The labels on both cases failed to include the name and address of the processor.  Thus, both cases were misbranded pursuant to 21 U.S.C. § 601(n)(5).  Kingdom Farms sold one of these cases of beef tenderloin medallions to Roins Produce, Inc.  The other case was observed in Kingdom Farms' for sale inventory on or about June 13, 2016.

26.     Defendants violated the FMIA, 21 U.S.C. § 610(c)(1), by offering for sale or transportation, and/or receiving for transportation, in commerce, two cases containing approximately 32 pounds of meat food products consisting of beef tenderloin medallions, which were misbranded pursuant to 21 U.S.C. § 601(n)(5).  Defendants violated the FMIA, 21 U.S.C. § 610(c)(1), by selling, in commerce, one case containing approximately 16 pounds of meat food products consisting of beef tenderloin medallions, which were misbranded pursuant to 21 U.S.C. § 601(n)(5).

### Cause of Action III

27.     On or about June 13, 2016, Kingdom Farms caused three unlabeled 1-pound packages of ground beef to become misbranded by offering them for sale out of an open case labeled as containing beef ribeye steaks.

28.     Between May 20, 2016 and June 13, 2016, Kingdom Farms caused approximately 7.5 pounds of unlabeled ground beef patties to become misbranded when it opened the master case containing 10 pounds of those patties, removed 2.5 pounds of the patties, and offered for sale the remaining 7.5 pounds of patties.

29.     Kingdom Farms violated the FMIA, 21 U.S.C. 610(d), by causing the meat food products described in paragraphs 27 and 28, held for sale after they were transported in commerce, to become misbranded.

30.     Unless enjoined, restrained, and prohibited from further violations of the PPIA and FMIA, the Defendants will continue to offer for sale, sell, and offer for transportation in commerce, misbranded and mislabeled poultry and meat products for human consumption.

WHEREFORE, the United States of America demands entry of an order granting the following relief:

(A)     A permanent injunction which:

(1)     Requires and compels the Defendants to comply in all pertinent particulars with the PPIA and the FMIA, as well as the regulations promulgated thereunder;

(2)     Enjoins and restrains the Defendants and their employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them from directly or indirectly transporting, selling, offering for sale or transportation, or receiving for transportation in commerce, poultry, poultry food products, meat, and meat food products that are misbranded;

(3)     Enjoins and restrains the Defendants and their employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them, from doing any act, with respect to any poultry or meat products that are capable of use as

7

human food, while such articles are being transported in commerce or being held for sale after such transportation, which is intended to cause or has the effect of causing such articles to be misbranded.

      (B)      Awards the United States of America its costs of bringing this action, including its reasonable attorney fees, as well as such other relief as the Court deems just and proper.

          Respectfully submitted,

          JOHN R. LAUSCH, Jr.
          United States Attorney


      By: s/ Craig A. Oswald_____
          CRAIG A. OSWALD
          Assistant United States Attorney
          219 South Dearborn Street
          Chicago, Illinois  60604
          (312) 886-9080
          craig.oswald@usdoj.gov